IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:16-CV-130-FL

| | |
|---|---|
| NATHAN MOORE and WINTER DURHAM, ) ) ) Plaintiffs, ) ) v. ) ) PENDER EMS AND FIRE, INC., ) ) Defendant. ) ) ) | ORDER |

This matter is before the court on defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 21). The motion has been fully briefed, and the issues presented are ripe for ruling. For the following reasons, defendant's motion is denied.

## BACKGROUND

Plaintiffs filed this action on June 6, 2016, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., arising from defendant's alleged failure to pay adequate overtime wages. Defendant moved to dismiss plaintiffs' claims on August 3, 2016, and plaintiffs filed an amended complaint. Defendant filed the instant motion on September 29, 2016, contending that conduct alleged in plaintiffs' amended complaint does not violate the FLSA.

## STATEMENT OF ALLEGED FACTS

The facts alleged in the amended complaint may be summarized as follows. Defendant is a non-profit corporation that provides emergency fire and medical services. Plaintiffs each worked

for defendant as paramedics for approximately eight years. During their employment, plaintiffs' work schedules rotated on a periodic basis. Specifically, out of every seven weeks, plainitffs' work schedules required four weeks consisting of 48 hours of work and three weeks consisting of 72 hours of work.

For their efforts, plaintiffs were compensated according to a "fluctuating workweek" pay plan (the "fluctuating plan"), which purported to grant to plaintiffs a fixed weekly salary as compensation for the first 40 hours worked and, in addition, overtime pay calculated by adding to the fixed salary a product of three factors: (1) the quotient of the fixed salary divided by the number of hours actually worked, (2) the number of hours worked in excess of 40 hours, and (3) a coefficient of 1.5 to reflect an overtime premium. According to the fluctuating plan, if plaintiffs elected to work less than the scheduled 48 or 72 hours required in a given week, defendant was entitled to deduct the shortfall from plaintiffs' paid vacation or sick leave. Plaintiffs suggest that, during three weeks in which plaintiffs were directed to work less than 40 hours per week, defendant paid to plaintiffs a sum less than the fixed salary.

## COURT'S DISCUSSION

A.  Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose

a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B. Analysis

Under the FLSA, employers may not employ covered workers "for a workweek longer than forty hours unless such employee receives" overtime compensation "at a rate not less than one and one-half times the regular rate at which [a worker] is employed." 29 U.S.C. § 207(a)(1). To satisfy this requirement, guidance promulgated by the Department of Labor ("DOL"), as recognized by the Fourth Circuit, permits employers to calculate overtime requirements through the fluctuating workweek method, subject to certain conditions. Griffin v. Wake Cty., 142 F.3d 712, 715 (4th Cir. 1998) (citing 29 C.F.R. § 778.114). Specifically, the requirements for a fluctuating workweek method of payment are:

> (1) that the employee's hours must fluctuate from week to week, (2) the employee must receive a fixed weekly salary that remains the same regardless of the number of hours that the employee works during the week, (3) the fixed amount must be sufficient to provide compensation at a regular rate not less than the legal minimum wage, (4) the employer and the employee must have a clear, mutual understanding that the employer will pay the employee the fixed weekly salary regardless of the hours worked, and (5) the employee must receive a fifty percent overtime premium in addition to the fixed weekly salary for all hours that the employee works in excess of forty during that week.

Flood v. New Hanover Cty., 125 F.3d 249, 252 (4th Cir. 1997).

3

To satisfy the "fixed weekly salary" requirement, it is not necessary that an employee's paycheck be the same every week, but the salary, or non-overtime, portion of the overall compensation must remain the same every week. Id. Based on this rule, where plaintiffs allege that defendant did not pay the full fixed salary in three weeks plaintiffs worked fewer than 40 hours, plaintiffs have stated a claim that defendant did not meet the requirements for a fluctuating workweek pay plan. That is, since plaintiffs' pay was allegedly reduced when plaintiffs worked fewer than 40 hours, it cannot be said that plaintiffs "fixed weekly salary [] remain[ed] the same regardless of the number of hours that the employee[s] work[ed] during the week." Id. Therefore, plaintiffs adequately allege that defendant did not pay a "fixed salary" as required by (2) above, in violation of the FLSA.

In support of a contrary position, defendant cites Samson v. Apollo Res., 242 F.3d 629 (5th Cir. 2001), for the proposition that if an employee works less than 40 hours in a given week due to "wilful absence or tardiness," an employer is permitted to make "occasional disciplinary deductions" from an otherwise fixed salary under such circumstances. Id. at 638. The court is aware of no case, and the parties cite none, in which the Fourth Circuit has adopted the "wilful absence or tardiness" exception embraced by the Fifth Circuit.[1]

Regardless, the court need not determine whether a "wilful absence or tardiness" exception to the fixed salary requirement applies in Fourth Circuit because the court cannot infer from the well-pleaded facts that plaintiffs' absence during the three weeks in question was, in fact, due to

---

[1] Indeed, in ruling that an employer did not fail to grant employees a fixed salary when it docked employees' paid vacation and sick leave in weeks in which employees did not work all scheduled hours, the Fourth Circuit expressly noted that "[p]laintiffs d[id] not allege that their pay was ever docked for these absences." Griffin, 142 F.3d at 718 (emphasis added). Accordingly, the Fourth Circuit was not presented with the issue of whether pay could be docked on the basis of wilful absence or tardiness, or for any other reason. Plaintiffs by contrast here do allege their pay was docked.

4

wilful absence or tardiness. Rather, accepting the well-pleaded facts as true and drawing all plausible inferences in favor of plaintiff, Iqbal, 556 U.S. at 678, the complaint alleges that on the three occasions that plaintiffs worked fewer than 40 hours, defendant did not remit a fixed salary but, instead, reduced plaintiffs' pay without justification.

Based on the foregoing analysis, plaintiffs have stated a claim that defendant attempted to pay overtime according to a fluctuating workweek plan without meeting the "fixed salary" requirement for such a plan. Therefore, the court need not address whether defendant's payment practices satisfied the "fluctuating hours," minimum wage, "clear, mutual understanding," or substantive overtime requirements described in Flood. 125 F.3d at 252. Instead, the instant motion may be denied on the foregoing basis alone.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is DENIED.

SO ORDERED, this the 2nd day of December, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge