IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:16-CV-00130

| | |
|---|---|
| NATHAN MOORE AND WINTER DURHAM, <br><br> Plaintiffs, <br><br> v. <br><br> PENDER EMS AND FIRE, INC., <br><br> Defendant. | **JOINT RULE 26(f) CONFERENCE REPORT AND DISCOVERY PLAN** |

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on December 14, 2016, and was attended by Defendant's counsel Benton Toups and Plaintiffs' counsel L. Clay White. The parties now jointly submit this Rule 26(f) Conference Report and Discovery Plan.

**1.** **Pre-Discovery Disclosures.** The parties will exchange by **February 1, 2017**, the information required by Fed. R. Civ. P. 26(a)(1).

**2.** **Nature and Complexity of the Case.** This is a moderately complex case. This case arises under the Federal Fair Labor Standards Act. Plaintiffs allege that Defendant improperly used the "fluctuating workweek" method of overtime calculation. Defendant contends that its use of the fluctuating workweek method for calculating Plaintiffs' overtime pay was appropriate.

**3.** **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

    a) Discovery will be needed on the following subjects:

521431 v1

i. The factual and legal basis for Plaintiffs' claims and Defendant's denials of and defenses to those claims;

ii. The factual basis for the Plaintiffs' claims for damages and other relief sought and Defendant's denial of and defenses to those claims;

iii. All other issues raised in the pleadings; and

iv. Other such matters as will lead to the discovery of admissible evidence.

b) Disclosure or discovery of electronically stored information should be handled as follows:

i. The parties agree that electronically stored information (ESI) relevant to the case may be discoverable and are aware of their obligations to preserve any ESI and any relevant evidence. During the course of discovery the requesting parties shall make reasonable efforts to specify the form in which the information it is seeking should be produced, and the parties further agree that, to the extent possible and practical, all ESI and other evidence shall be produced to the requesting party in its native format. The parties are not obligated to provide paper copies of ESI unless a paper copy of the ESI exists in any document or compilation/series of documents requested by a party. The parties agree that, at this time, no additional agreement or order is required to govern the discovery of ESI.

c) The parties have agreed to an order regarding claims of privilege or of protection as trial preparation material asserted after production, as follows:

i. Upon request by the other party, the parties agree to produce privilege logs of all otherwise discoverable information requested but not produced

2

based on assertion of privilege within fourteen (14) days after such request.

   d) All discovery commenced in time to be completed by **September 1, 2017.**

   e) Maximum of 35 interrogatories by each party to any other party.

   f) Maximum of 50 requests for admission by each party to any other party.

   g) Maximum of 10 depositions by Plaintiffs collectively and 10 depositions by Defendant.

   h) Each deposition shall be limited to maximum of 8 hours unless extended by agreement of parties.

   i) Reports from retained experts under Rule 26(a)(2) due from Plaintiff by **June 1, 2017,** and from Defendants by **July 1, 2017.**

   j) Supplementations under Rule 26(e) must be made promptly after receipt of the supplementary information by a party or her/its counsel, but in no event later than **August 1, 2017.**

4. **Other Items.**

   a) The parties do not request a conference with the Court before the entry of the scheduling order.

   b) The parties request a pretrial conference in **November, 2017**.

   c) Joinder of additional parties or amendment of pleading shall me allowed only upon approval of court following motion by the party seeking to join parties or amend pleadings.

   d) All potentially dispositive motions should be filed by **October 1, 2017**.

e) The parties are willing to explore voluntary resolution of this matter through settlement and/or mediation. It is anticipated that this case will be referred for mandatory mediation. The parties agree to participate in mediation prior to the stated deadline for filing of dispositive motions and have agreed to the selection of **Ken Carlson** as mediator.

f) Final lists of witnesses and exhibits under Rule 26(a)(3) should be due in accordance with Federal Civ. P. 26(a)(3) and applicable local rules, except as may be otherwise ordered by the Court.

g) Parties shall have fifteen (15) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

h) The case should be ready for trial by **December, 2017**, and at this time trial is expected to take approximately five (5) days.

i) At present the parties do not consent to trial before a Magistrate Judge.

This the 28th day of December, 2016.

CRANFILL SUMNER & HARTZOG LLP          THE ANGEL LAW FIRM, PLLC

By:   /s/ Benton L. Toups              By:   /s/ L. Clay White
      BENTON L. TOUPS                        Kirk J. Angel
      N.C. Bar No. 28910                     N.C. Bar No. 33559
      319 N. 3rd Street, Suite 300           L. Clay White
      Wilmington, NC 28401                   TN BPR No. 033620
      Phone: 910-777-6000                    109 Church Street N
      Facsimile: 910-777-6111                Concord NC 28025
      btoups@cshlaw.com                      Phone: 704-706-9292
      *Attorney for Defendant*               Facsimile: 704-973-7859
                                             kirk@theangellawfirm.com
                                             clay@theangellawfirm.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 28th, 2016 I electronically filed the forgoing **JOINT RULE 26(f) CONFERENCE REPORT AND DISCOVERY PLAN** with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day to all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

BENTON L. TOUPS
N.C. Bar No. 28910
CRANFILL SUMNER & HARTZOG LLP
319 N. 3rd Street, Suite 300
Wilmington, NC 28401
Telephone: (910) 777-6000
Facsimile: (910) 777-6111
E-mail: btoups@cshlaw.com
Attorney for Plaintiff

This the 28th day of December, 2016.

By: /s/ L. CLAY WHITE
Kirk J. Angel
N.C. Bar No. 33559
L. Clay White
TN BPR No. 033620
109 Church Street N
Concord NC 28025
Phone: 704-706-9292
Facsimile: 704-973-7859
kirk@theangellawfirm.com
clay@theangellawfirm.com
Attorneys for Plaintiffs

6